The next case, number 22-1353 and number 22-1447, United States v. Victor Jordan Calderon-Zayas. At this time, would counsel for the appellant please introduce himself on the record to begin. Please pull the microphone a little closer. Thank you. Please proceed early and assist us in being on this call because it is imposed that 14 months of appellant guidance should have an equivalent of 31% higher than the total amount of legal assistance and guidance. And the explanation for that guidance was not adequate. There are three issues that need to be addressed in this court. The first one is a failure to adequately explain the violence. This case is very similar to the one in our review so we can go to that later. The second is a failure to medialize the sentence with the judge. In terms of community-based factors were never connected to the offense of the defender. And third, a failure to consider mitigating factors. We will jump right into the first one. Aside from the point of clarification of community-based factors Again, we are connected to the defender for the offense. And making reference to the home violence in Puerto Rico. Also, we are connected to the defender of the offense. The issue got mainly grounded in some covariance on the improper factor already considered by the guidance. That is the machindun. And the court made a distinct distinction of the machindun in this case. Indicating that it is not a marina but actually a machindun. But a pistol converted to machindun. Which is not considered by the guidance. But that is not correct. When we look at the definition of machindun. We do it in CTRC 58.5 Machindun means any weapon that shoots. Or is designed to shoot. Or can be readily restored to shoot. Automatically more than one shot. If I see the bullet in the trigger. So by that definition. Any firearm that is capable to fire more than one shot by seeing the bullet in the trigger. Is a machindun. So the guidance already considered a pistol converted to machindun. Or a military designed machindun. It is the same for purposes of the guidance. Do we know that the subject is connected to that definition? Well that is the definition that is included in the guidance. And there are many reference to the CTRC 58.5 Which is the listing of the weapons that are considered more dangerous than a regular weapon. Which includes machindun. And that is the definition included there. Also the district court concludes that the kickback of a modified pistol. Converted to machindun is more dangerous than a machindun. But that conclusion is not supported by any evidence. When we look at that. Was that objected to? The lack of evidence for that? Not really. We objected to the procedure by the district attorney. On the grounds that it is already considered by the guidance. The sentence did not explain how to get to that conclusion. As a way of explaining. The recoil of the gun. Is something that can be measured. If that is the basis for the departure. The court should have explained. Where you get that data from. And explain how much of that recoil. Can affect. Or make the pistol. Or in this case the converted machindun. That dangerous. It is not the same recoil. Or a kickback from a .22 caliber. As to a .50 caliber. Or a .40 caliber. But we don't know that. Because the judge didn't indicate how much to measure. Or the danger is caused by that recoil. I don't disagree with you. But that specific issue. Isn't reserved for us. Was that? With that specific issue no. There was no objection to that. In the record below. The objection was specifically that no. We are trying to get into it. Because it is considered. By the court. And I believe it is also considered. By the guidance. With the machinduns. Did you argue why they are? We actually. We have to proceed that. It wasn't. Objected below. I thought your main argument. On appeal. To us was. The facts of this case are very similar. To the facts of the other areas. But the thing that was concerning me. Was this issue with the dangerousness. Of the machinduns. Which was something that entered into the judges. Rationale. Or his explanation here. Which wasn't really noted. And we didn't see in Rivera Berrios. Am I seeing that distinction correctly? Or do you have a way of addressing that? I agree. This case seems a little different. From Rivera Berrios. Because the district court. Provides a lot of explanation. About the dangerousness. Of this exact weapon here. And that didn't. That was my mind reading. That didn't happen in Rivera Berrios. But the thing is the explanation. That he makes to support that conclusion. Because he is mainly. Drowning his sentence. Upon that conclusion. And he is not supported by any data. That wasn't objected to. The fact that it wasn't supported by any data. So that was not raised as an objection. No. Can I ask one other way. Which is different than Rivera Berrios. In this case. We have. A prior. Offense. Also correct. Plus a prior drug offense. As well. The only prior that Mr. Cardinal has. Was a prior. Offense for possessing. 500 grams of cocaine. He was guilty of that. And after that. He had one prior location. To that supervisor. Which was a technical violation. It was a positive. For Cardinal. And he was sentenced to time served. By Judge Garcia. That's the only. Violation to the supervisor. That he had. This is a case. Let me move on. Sure. He was previously. In possession of another firearm. In a modified bullet. No Your Honor. The previous case was only drug case. Was it. The revocation. Possessing another firearm. No Your Honor. The revocation. For this offense. For the second case. In the first case. The violation was related. To a technical violation. For drug test. But he had a second weapon. Here. In this case. Yes. This is a drug possession case. But that wasn't. Objected to. No Your Honor. Unlike Rivera-Vera. The things that are different here. We've got a second weapon. A prior drug offense. Plus the district court. Emphasizing the particular dangers. Of the modified. Machine gun. None of which was. In Rivera-Vera. Well. The individual. Passed the loaded weapon. The district court. Had not relied on that fact. In justifying Rivera-Vera. Your Honor. I'm saying. In Rivera-Vera. The district court. In issuing the sentence. Which we thought was not adequately explained. Didn't make reference. To it being a modified machine gun. And it being in consequence. Especially dangerous. Here the district court did do that. Here unlike in Rivera-Vera. There's a prior drug conviction. And here unlike in Rivera-Vera. There's a second weapon. Correct. So. Given those reasons to say. This is different than Rivera-Vera. Yes. But it's also very similar. As to the amount of information. Which is another reason. That the judge supported. These other values. This case where I said. That the longer. The higher the value. The higher should be or the longer the explanation. Was there an objection. Below to the. Explanation. Not specifically as to the explanation. But more as to. Those considerations were already factored. In the sentence. That argument was made below. Yes. And as I was on that modified sentencing memo. That made all those arguments. To the judge. And the judge did not mention any of those. In the sentencing memo. If I may just briefly. As to the mitigating factors. I would like to just discuss. That were common mitigating factors. As I said. In this case. Different from Rivera-Vera. The guns were unloaded. It was only. The defendant was found in the car. But here. In the statement of facts. And the facts stated. That the police were interviewing him. He stated that he didn't know the guns were there. And he didn't touch the gun. There were no fingerprints of him with the gun. So there's no evidence that he used the guns. Or connected the guns. With any kind of violence. Or any violent action. But didn't he admit it? That they shared the gun? He admitted to possessing that gun. But referring to the details. We realize that it's pretty nitty. Of course to avoid a harsh sentence. But he was with other people. In the car. And he was recently getting to that car. The car was already there. He was running. In possession of the firearm. And there were no other men. Thank you. Thank you. Thank you counsel. At this time if counsel for the appellee. Will please introduce herself on the record. To begin. Good morning. Good morning. This court should affirm. The sentences imposed. By the district court judge. Because they were procedurally. And substantively reasonable. The district court. Did not abuse his discretion. When the sentence called it on. To an upwardly violent sentence. Of 60 months. Which is to be reduced to 54 months. Pursuant to the amendments. To the sentencing guidelines. The district court judge. Has already indicated. That he would in fact. Do that reduction to 54 months. Did he actually reduce the sentence? In this case. Your honor. The defendant filed a motion. Arguing for a reduction. To 54 months. Which is commensurate. With the originally imposed parents. And the government agreed. To grant that reduction. With the amendment. And the judge has indicated. That it would be reduced. But I submit to the court. That is an indicative ruling. That if this court. Affirms the sentence. As we believe it should. Upon the demand. The effective sentence. Would be 54 months. And not 60 months. And it should be noted. That the agreed upon range. Was 37 to 46 months. Regardless of criminal history category. So that reduced sentence. Of 54 months. Is effectively only 8 months more. Than the defendant agreed. Was reasonable. And in terms of. The revocation sentence. It's also reasonable. Because it's a violent sentence. And Calderon has not met. His high burden to show. That there were. Substantial mitigating reasons. That would want. A downward departure. On the revocation sentence. Both sentences. Were plausible and defensible results. Based on individual factors. About Mr. Calderon. And his offense. And at this time. I would like to point to the court. That this court has previously. Affirmed cases with similar facts. And more drastic facts. And I would point out. At this point. The range was precisely. 37 to 46 months. It was also a machin gun case. And the amount of ammunition involved. Was 57 rounds. Compared to 54 here. In that case this court affirmed. A 70 month sentence. Noting that. It has previously upheld. Similar facts. And also. Point the court to Gonzalez Flores. For the same purpose. In terms of Rivera-Rodriguez. Which has been. Mentioned by your other counsel. I wanted to point out to several. Distinguishing facts. That court has already. Judge Brown has already pointed to some. But I want to highlight that Rivera-Rodriguez. Had no criminal history. This defendant had a prior drug invasion. And he was on supervised release. In fact he was just. Less than two months out. From a prior release. He received no jail time. Can I ask you. There is a sentence. In the. District court recitation. Where it is describing. The dangers. Of the modified machine pistol. And then after. Saying that. It says the guidelines. Do not account for that. How do we know that? Well your honor. The guidelines currently. In effect. Have been in effect. Since approximately 1991. At that time. The prevalent machine guns. Were not the same. That we are seeing nowadays. But how do we know. That they just unthinkingly. Have issued the same guidelines. Every year not accounting for the changes. Because. The guidelines. Don't specify one way or the other. To the extent. How do we know that that doesn't mean. They don't think that's a significant factor. We don't know that. It's I guess my answer. How does the judge know that? Because the judge. Inside and to itself already. Under Kimbrough. To disagree with the guidelines. No doubt a judge has authority. To disagree with the guidelines of Kimbrough. If he has a reason for doing it. The reason given here. Is that the guidelines did not account. For this type of weapon. But. If we don't know that's true. Then that can't be a reason to disagree with the guidelines. Your honor the fact is. That the guidelines do not differentiate. Between one and the other. But how do we know. That it's not taking account of them. To the extent that the. Two are dissimilar. And are treated the same under the guidelines. I believe the court. Reasonably concluded that they were not. Properly accounted for in the guidelines. What do we make of the fact that. There's a specific statute. I think and if I'm wrong about this. Please correct me. The guideline is. Tied to a specific statute. Toward the definition of a firearm. Which takes account. Of modification. Of the firearm. Being the means by which it becomes a machine gun. Correct. The guidelines make reference to section 5845A. Which lists all the types. Of machine guns. And one of them is a modified one. Correct. It's a citation of all the parts of a machine gun. And the guideline is picking up. Applies to a fence. In which the firearm is a 5845 firearm. Correct. Correct. So the guideline. Was designed to capture. Modified. Weapons. As it stands. The guidelines applies to modified weapons. So how do we deduce. Reasonably. That in setting that guideline. The commission must have thought. The modified version is a very unusual one. Well. I cannot speak to what the commission. May have thought. But I can point to the fact. That the emergence. Of this type of machine gun. Is a fairly recent phenomenon. And this district in particular. Had been at the forefront. Now it is currently expanding. Into all the parts of the country. The typical. Like the one case we got. Kimbrough. When the judge says well I don't agree with the guideline. He has a point of comparison. He sees what the commission assigned. For one type of defense. Which was much lower. Than for another kind. Right. So he knows the commission thinks they are different. Then the judge can say. But I think they are the same. So I can't agree with the guideline. Kimbrough said that's fine. Or at least in the special context with the statute. Was the thing that was defining. What the guideline had to be. But here we don't have a similar type of situation. We just have the judge saying. A guideline that on face covers. Both types of weapons. Wasn't accounting for. Both types of weapons. And setting the range. How do we know that? Why is that a reason to say. You get to disregard the guideline. You are asking me to a point that. The two cases are not analogous. Because whereas. In Kimbrough the guideline. Did not distinguish. But the commission had set. Two different ranges. For two different substances. So the judge could say. I don't believe. Disparity is justified. But this is a different situation. The commission has set one range. For two types of weapons. So the ground has to be. The commission in doing that. Wasn't thinking. That they are the same. If the idea is they shouldn't be grouped together. Under the same guideline. That may be so. How do we know the guideline. Is too low. Rather than too high. Well your honor. In this case the disagreement is. I guess the reverse of what it was in Kimbrough. The court believes that. Having just the one guideline. For these two different types of firearms. Is not adequate. Why? How do we know the guideline. Is too low. Just from the fact that it covers. Two things that are dissimilar. Because the judge had. Been presented through our sentencing memorandum. And through his own experience on the bench. Which is permissible. Permissible. Fact to take into account. As this court has indicated. In text data. That the sheer amount of machine gun cases. This court sees. On top of the facts. That we have presented in our sentencing memorandum. That's a different reason than he gave. The reason I know. It's too low. Is that it also covers. This other type of weapon. How is that an explanation. For it being known to be too. Another type of weapon. And the commission didn't account. For how dangerous. That other type of weapon is. I believe it's a reasonable inference. To say that the commission. Did not account for it. Because they're being treated the same. And the court with evidence. That he has evaluated. Including. Why? Because the expert. That testified. Which we cited too. In our sentencing memorandum. In this case. Indicated how this. Modified machine guns. Are so much harder to control. Even for an expert. Harder to control. In relation to your expert. The question that you're not answering is. What is the reasonable inference. To believe. That the sentencing commission. Did not know that. And take that into consideration. When it allowed. The guideline range. That has been in place for a while. To remain in effect. Given that they review it. And renew it every year. Again. I would have to say. That it's the fact. That they have not modified it. Or made a distinction. They might think it's fine. But the district court judge. Is entitled to disagree with that. But then he has to say. The reason I'm disagreeing. Isn't because they didn't take account of it. It's because they did take account of it. And even though they took account of it. I think they're wrong. Then that would be a true Kimbrough. Objection. This is a contention. That they didn't account for it. That's why I'm disregarding it. But if that premise isn't defensible. That can't be a reason. To disregard a guideline. Your honor. What the court said. Is that. The. The guidelines do not account. For the fact. That this is not a manufactured machine. But what is the record. Evidentiary support for that statement. That's what we're trying to figure out. I submit to the court. That that's a reasonable inference. From the fact. That the guidelines don't distinguish. Between one and the other. So by not distinguishing. Between one and the other. According to the facts presented to the judge. And his own experience. He knows one to be more dangerous than the other. So by not distinguishing. His reasonable opinion is. That they do not account for that. We had a case yesterday. Where there was a chip. That doesn't do anything. Except modify. So on its own it doesn't do anything. Except it still has the same. Level. Of culpability. In terms of sentencing. That an altered machine gun does. And so is that. Is it reasonable to say. That that is too high. Because a chip by itself. Doesn't do anything. I mean the question is. The national basis. For the court making that determination. Is just elusive. Your honor in this case. There was a completed machine gun. And there was also another firearm. And there was also ammunition. And there were also other aggravated factors. So I take your point. But I feel the two situations. Are not comparable. In terms of the guideline. That would apply to them again. That's another reason. Why the court could apply. That the guideline is not. Being so encompassing. Because it covers the chip alone. It covers the manufacturing. Let me ask you this way. Suppose I found an application. Over some legislative history. That showed the commission. Had taken account of. I'd have to vacate then. Right? I would submit no your honor. Because the judge would still have the authority. To disagree with the guideline. And the basis then. Would be what? That even if it was considered. The judge. Believes it was not adequately considered. To the extent of the dangerousness. Of this particular machine gun. And in this case. And are you saying. That in effect. That's what the judge was saying here. That is our understanding your honor. But it was not limited to that. I understand. But with respect to this point. What you're asking us to do. Is read the district court. Not to be saying what he said. Which is that the commission. Didn't take account of this. But to say that. They didn't give sufficient weight. To how dangerous this is. Given how dangerous I'm telling you this is. That can't be the range for this weapon. That's how you want us to read it. Your honor. The district court words were. That it did not agree with the sentencing commission. Policy in establishing guideline ranges. For particular offenses. Especially in firearms cases. Especially machine gun cases. And that's right after the court discussed. Modified machine gun. But the key point is. That in the modified. He says the sentencing commission. Doesn't account for this. I'm trying to understand what the district court meant. You're suggesting what we read it to mean. Is it didn't account for how dangerous this is. So any guideline. That is set. Is too low. If you're talking about this kind of weapon. Because I think it had to be higher. That's how you're saying we should read it. I understand that was part of the reason. But again I want to point out to the court. There are very specific individual. And related factors in this case. That also justify the variance imposed. Okay thank you. I just have one more question. So. We hear the line for all the time. That the guidelines don't take into account. The dangers of the weapon. Does the U.S. attorney's office. Go to court and argue that. In other words. Does the U.S. attorney's office. About that same position. With respect to how the guidelines. Like the dangers. Or lack thereof. We have. Case by case. Argued for all the variances. In this type of scenario. I cannot. Respond to that more specifically. And I also can point out to the court. That the department of justice. As a whole has requested. Amendments to the guidelines. Specifically. To machine gun conversion devices. And whether the definition of firearm. As opposed to a firearm. Within section 58.5. Encompasses the. Definition of machine gun conversion devices. As a recognition. Of the emerging problem. That these are representing across the country. I don't have the date in front of me. I can point it to the court. It's relatively recent. It's relatively recent. Is this with respect to the. Enhancement. It's related to. But it's specifically. In regards to the definition. Of firearm. That would apply for example. If a person possesses more than one. Machine gun conversion device. And so whether that enhancement. For multiple conversion devices. Would apply. It wouldn't relate to this guideline in particular. It would not relate to this guideline in particular. But it does. Recognize the increased. Problem and dangerousness. Of these type of devices. If there are no more questions. Thank you. Thank you counsel at this time. Counsel for the appellant. Please reintroduce yourself on the record. You have a two minute rebuttal. Your honor. One of the things that. You don't know. The circumstances of this case. Which were considered. During the bargaining of the plea. The government. Concedes that. It should have been a. Guidance sentence. Therefore I agree to a court. Seven months sentence. Which is the topic of the applicable guidance. It did not request for a guidance. They agreed to enter into a plea. We have considered that this is a. Minor one. However. When they. Came to an agreement. And. They indicated. In this case. We believe that the sentence. Is. A sentence. So. Even the government. Should be. In this case. Another thing your honor. Is that. The list that. 26 U.S.C. 54A. 45. Includes more and more dangerous weapons. When you look at that list. It doesn't have any destructive devices. Bazookas, grenades, grenade launchers. So in that list of destructive weapons. The machine gun is a less dangerous weapon. Even though it still gets. The enhancement for a dangerous weapon. So I submit that to the court. And one last thing your honor. In King Road that the court mentioned. It was a police agreement that was based. On a well documented non-criticized. And the court. Explained in detail. Why is that distinction. Where in this case the court did not. You didn't make that argument below. Are you also challenging. The imposition of the revocation. Sentence here. Are you also challenging. The imposition of the revocation. Sentence here. Well we didn't in the brief. We actually right now believe that. It has to be revoked. We were included as a consolidated brief. Because we wanted the court to see that. It was too harsh. We have kept it. Because we believe that. In this case. The location case. Belonged to Judge Jay Garcia. And the society requested. The case to his docket. To impose sentence. So he knew. That it was going to be a harsh sentence. So that's why we kept it. Because he already imposed it. And then also. He imposed it at the top end of the guidance. It's a guidance sentence. We don't see that it has to be revoked. But. When you combine those sentences. It comes to the biggest sentence. Thank you. Thank you counsel. That concludes the argument in this case.